

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

---

RACHAEL A. HONIG
ACTING UNITED STATES ATTORNEY

*Kristin L. Vassallo*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, NJ 07102*
kristin.vassallo@usdoj.gov

*main:   (973) 645-2700*
*direct: (973) 645-2835*
*fax:    (973) 297-2010*

March 17, 2021

**BY ECF**
The Honorable Renée Marie Bumb
United States District Judge
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

        Re:    *Hare v. Ortiz*, Civ. No. 20-14093 (RMB)

Dear Judge Bumb:

    I am the Assistant United States Attorney appearing on behalf of the respondent in this case, a habeas petition brought under 28 U.S.C. § 2241 by Jeremy Hare seeking Earned Time Credits under the First Step Act. I respectfully write, in accordance with the Court's order of March 10, 2021, to respond to Hare's March 4, 2021 letter. *See* ECF No. 24, ECF No. 25.

    As the Respondent explained in its February 24, 2021 submission (ECF No. 23), Hare has only taken one course corresponding to an assessed need for which he can obtain Earned Time Credits: the 72-hour Threshold course, which meets his need in parenting. *See* Feb. 2021 Suppl. Palm Decl. ¶¶ 8, 15. In addition, Hare is signed up or on the wait list for two courses that qualify for Earned Time Credits (Parenting and Anger Management), but he has not yet completed those programs. *See* 2021 Suppl. Palm Decl. ¶¶ 10-11. Although Hare has taken a number of other courses, they do not qualify for Earned Time Credits, for a number of reasons,[1] including: (1) with respect to Drug Education and NRDAP (completed in June and December 2019),

---

[1]     As one point of clarification, one of these courses, Safe Serve can qualify for Earned Time Credits for inmates with a work need, but Hare completed that course in November 2019, before the BOP assessed his work need in July 2020. In any event, this course would only qualify for 50 hours, which, added to his 72 Earned Time Credits for the Threshold program, still falls short of the 240 hours necessary to obtain 10 days of Earned Time Credits.

he has never had an assessed need in substance abuse; (2) with respect to the work assignments he has held since July 2020 (when BOP first assessed his work need), they cannot serve as a basis for Earned Time Credits, as only UNICOR employment qualifies as an approved EBRR or PA under the First Step Act; (3) with respect to Criminal Thinking and Alcoholics Anonymous, BOP records do not indicate that he took these courses, and in any event, Hare does not have an assessed need in substance abuse, antisocial peers, or cognitions. *See* 2021 Suppl. Palm Decl. ¶¶ 9, 13-14. In sum, because he has only completed 72 hours of EBRR/PAs, Hare has not yet reached the 240 hours (30 days) of programming necessary to obtain 10 days of Earned Time Credits under the First Step Act. *See* 18 U.S.C. § 3621(d)(4)(A)(i).

In his March 4, 2021 letter, Hare appears to dispute the BOP's position, again arguing that he is entitled to credits for many or all of the courses he has taken at FCI Fort Dix, including "Non-Residential Drug Treatment and Criminal Thinking, 12 Hour Drug Education, Servesafe Vocational Kitchen Training, Work-Cook in Kitchen, Parenting, Vocational Classes and Training, ACE (Adult Continuing Ed) Classes, Minyan, AA Program, and Recreation Daily." ECF No. 24 at 2. Hare suggests that he can obtain credits for these courses because they were assigned by his case manager and meet the definition of an EBRR under 18 U.S.C. § 3635(3)(c).

Hare's argument is unpersuasive. As the Government has argued, and as the Court has found, an inmate can only obtain Earned Time Credits when he or she "successfully completes one of the BOP-approved EBRR programs or PAs related to one of the particular needs assigned to that inmate. . . as set forth in the First Step Act Approved Programs Guide." *Hare v. Ortiz*, No. 20-14093 (RMB), 2021 WL 391280, at *9 (D.N.J. Feb. 4, 2021). Hare's belief that other courses should qualify as EBRRs does not entitle him to Earned Time Credit. Congress explicitly defined EBRR programming as "a group or individual activity that . . . has been shown by empirical evidence to reduce recidivism or is based on research indicating that it is likely to be effective in reducing recidivism." 18 U.S.C. § 3635(3)(A). Based on this and other provisions of the First Step Act, the BOP awards Earned Time Credits for only those programs it has determined meet the statutory definitions of EBRR programming or productive activities. *See Hare*, 2021 WL 391280, at *9. Moreover, the fact that his case manager may have encouraged him to take other courses does not mean that they automatically qualify for Earned Time Credits. Allowing Hare to obtain credits for any class taken in an institution would run counter to the statute's purpose of encouraging inmates to participate in programs specifically designed to reduce recidivism. *See Butler v. Bradley*, No. 20-11211, 2021 WL 945252, at *4 (C.D. Cal. Feb. 22, 2021) ("If an inmate could accrue FSA credits by participating in any type of recidivism-reduction program or activity, the statutory language instructing the BOP to establish and implement an individualized risk and needs assessment system, 18 U.S.C. § 3632(a), (b), would be superfluous").

For these reasons, and the reasons set out in the Respondent's previous submissions, the Court should deny Hare's petition.

Thank you very much for considering this matter.

                                    Respectfully submitted,

                                    RACHAEL A. HONIG
                                  Acting United States Attorney

                    By:   /s/ Kristin L. Vassallo
                          KRISTIN L. VASSALLO
                          Assistant United States Attorney

cc:    **BY FIRST-CLASS MAIL**
       Jeremy Hare
       Fed. Reg. No. 71667-050
       Fort Dix Federal Correctional Institution
       P.O. Box 2000
       Joint Base MDL, NJ 08640