```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
                     CAMDEN VICINAGE
_____
                            :
JEREMY HARE,                :
                            :    Civ. No. 20-14093 (RMB)
           Petitioner       :
                            :
     v.                     :          OPINION
                            :
WARDEN ORTIZ,               :
                            :
           Respondent       :
_____:
```

BUMB, United States District Judge

This matter comes before the Court in this proceeding under 28 U.S.C. § 2241 for determination of Petitioner's eligibility for early release from prison to home confinement or supervised under the First Step Act ("FSA"), 18 U.S.C. § 3624(g). For the reasons discussed below, the Court denies the petition for writ of habeas corpus.

I.  BACKGROUND

On October 8, 2020, Petitioner filed a petition under 28 U.S.C. § 2241, seeking application of his earned Time Credits under the FSA. The Bureau of Prisons ("BOP") had interpreted the FSA to permit prisoners to earn Time Credits for participation in evidence-based recidivism reduction ("EBRR") programming and productive activities ("PAs") that were assigned and completed after January 15, 2020." (Opinion, Dkt. No. 20 at 8.) Based on the

plain text of 18 U.S.C. 3632(d)(4)(B)(i), the Court found that the date prescribed by statute was earlier, December 21, 2018. <u>Hare v. Ortiz</u>, No. CR 18-588-1(RMB), 2021 WL 391280, at *7 (D.N.J. Feb. 4, 2021.) Only those EBRRs and PAs described in the <u>First Step Act Approved Programs Guide</u> qualify for Time Credits under the FSA. <u>Id.</u> at 8. Next, the Court determined how to calculate earned Time Credits. The Court found the BOP's interpretation of 18 § 3632(d)(4)(A)(i) reasonable. <u>Id.</u> at 12. Thus, "30 days of successful participation in evidence-based recidivism reduction programming or productive activities" means completion of 240 hours of EBRR or PAs. <u>Id.</u>

The record did not permit the Court to determine whether Petitioner had earned sufficient time credits for speedier or immediate release to home confinement or supervised release. Therefore, the Court directed Respondent to:

> calculate Petitioner's Time Credits consistent with this Court's Opinion, providing the date when Petitioner was assessed with each category of "need" under the FSA [including needs assessed upon intake that were not required to be reassessed on December 11, 2019], and Petitioner's start date and completion date of all approved EBRR programs and PAs completed after December 21, 2018, for which he had a need.

<u>Id.</u> at 13.

Petitioner contends that he has completed 2,528 hours of EBRRs and PAs during the relevant time period and has earned more than

2

100 days of Time Credits, entitling him to immediate release to home confinement or supervised release. (Letter, Dkt. No. 22.) Specifically, Petitioner asserts that he was found to have a need for EBRRs and PAs in the category of "work upon his intake to FCI Fort Dix on June 4, 2019," and he completed 2,120 hours of work as a P.M. Cook and for UNICOR. (Id.) Also upon intake, and later by progress review report on January 21, 2020, Petitioner claims he was assessed with a need for "programming," which he fulfilled by completing 48 hours of Non-Residential Drug Rehab and Criminal Thinking, 12 hours Drug Education, 12 hours Serve Safe, 24 hours Parenting, and 22 hours vocational training. (Id.) Finally, Petitioner submits that in a Team Meeting in June 2019, he was determined to have a need for "education," which he fulfilled by completing 180 hours daily Minyon and 50 hours of AA. (Id.)

  B. Assessment of Petitioner's Needs Under the First Step Act, and Start and Completion Dates of Assigned EBRRs and PAs

In response to the Court's Order to provide additional information, Respondent submitted that Petitioner has completed one course for which he earned FSA Time Credits, the 72-hour Threshold course, which meets his need in parenting. (Supplemental Declaration of Christopher Palm ("Feb. 2021 Suppl. Palm Decl.") ¶ 8, Dkt. No. 23-1.) Respondent asserts that completion of the following programs or activities does not entitle Petitioner to Time Credits:

3

- the 15-hour Drug Education program and the 24-hour Non-Residential Drug Abuse Program because Petitioner was never assessed with a need for "substance abuse" EBRRs and PAs (Feb. 2021 Suppl. Palm Decl. ¶¶ 3, 9, Dkt. No. 23-1; Ex. 4, Dkt. No. 23-2 at 8);

- the 40-hour second phase of the Parenting program, because Petitioner has not completed it (2021 Suppl. Palm Decl. ¶ 10, Ex. 7; Dkt. No. 23-2 at 14);

- the 18-hour Anger Management program because Petitioner is on the wait list for the program (2021 Suppl. Palm Decl. ¶ 11, Dkt. No. 23-1; Ex. 8, Dkt. No. 23-2 at 16);

- education programs (like Safe Serve and Adult Continuing Education courses) that are not approved EBRR or PA programs (2021 Suppl. Palm Decl. ¶ 12, Ex. 3; Dkt. No. 23-2 at 6);

- Petitioner's work assignments since July 2020 (when BOP first assessed his work need), because only UNICOR employment qualifies as an approved EBRR or PA under the First Step Act (2021 Suppl. Palm Decl. ¶ 13);

- Criminal Thinking or Alcoholics Anonymous, because Petitioner was not determined to have a need in the categories of substance abuse, antisocial peers, or cognitions. (2021 Suppl. Palm Decl. ¶ 14, Ex. 2)[.]

In sum, Respondent maintains that Petitioner has only completed 72 hours of EBRR/PAs, and has not yet reached the 240 hours (30 days) of programming necessary to obtain 10 days of Time Credits under the First Step Act. (Letter, Dkt. No. 23 at 2 (citing 18 U.S.C. § 3621(d)(4)(A)(i)).

C. <u>Petitioner's Reply</u>

Petitioner responded, asserting that Respondent did not provide the information requested by the Court—that is—the date when Petitioner was assessed with each category of "need" under the FSA and Petitioner's start date and completion date of all

4

approved EBRR programs and PAs completed after December 21, 2018. (Letter, Dkt. No. 24.) Furthermore, Petitioner submits, in relevant part:

> On multiple occasions, including July of 2019 and January of 2020 Unit Team Meetings, Case Manager J. Wright determined and assigned Evidence-Based Recidivism Reduction Programming for me to participate in; Namely: Threshold, Non-Residential Drug Treatment and Criminal Thinking, 12 Hour Drug Education, Servesafe Vocational Kitchen Training, Work-Cook in Kitchen, Parenting, Vocational Classes and Training, ACE (Adult Continuing Ed) Classes, Minyan, AA Program, Recreation Daily. A copy of the records given to me at the conclusion of the Unit Team Meetings was previously submitted as Exhibit 1. [See Pet., Ex. 1, Dkt. No. 1-1.]
>
> Case Manager J. Wright informed me in January of 2020 that his assignment met §3535(3) requirements of The Act.
>
> Per Case Manager J. Wright's assignment, I have successfully participated in and continue to participate in Evidence Based Recidivism Reduction Programming as follows:
>
>> (1) Faith-based services, three times daily, along with two hours of Bible study per §3535(3)(c)(ix) of The Act.
>>
>> (2) Unicor Prison Industries (manufacturing US Military apparel and uniforms) per 3635(3)(c)(xi) of The Act and listed by the FBOP in its official publication on page 1 of Evidence Based Recidivism Reduction Programs and Productive Activities.
>>
>> (3) NRDAP per §3635(3)(c)(vii) of The Act and page 2 of the FBOP publication.

5

>   (4) Parenting classes per §3635(3)(c)(ii) of The Act and page 1 of the FBDP publication.
>
>   (5) Completion of 11 TPC vocational classes per §3635(3)(c)(viii) of The Act and page 1 of the FBOP publication; and
>
>   (6) ACE classes per §3635(3)(c)(x) of The Act and page 4 @ "SMART MONEY" of the FBOP publication.

(Letter, Dkt. No. 24 at 2-3.)

The Court ordered Respondent to submit a reply to Petitioner's letter filed on March 4, 2021. (Order, Dkt. No. 25.)

### D. Respondent's Letter Filed on March 17, 2021

Respondent rejected Petitioner's claim that he was ever assessed with a need for EBRRs and PAs pursuant to the FSA in the categories of substance abuse, antisocial peer or cognitions. (Letter, Dkt. No. 27.) Further, although Petitioner worked for UNICOR, it was the loss of his UNICOR job that caused him to have a need under the FSA in the category of "work." He did not have a need for work based on his recidivism risk when he worked for UNICOR. Thus, his prior work for UNICOR is not eligible for Time Credits.

### E. Petitioner's Motion for Appointment of Counsel and Letter filed on March 28, 2021

On March 12, 2021, Petitioner filed a motion for appointment of CJA counsel under 18 U.S.C. § 3006A. Petitioner filed another letter on March 30, 2021, seeking immediate habeas relief. (Letter,

6

Dkt. No. 28.) Petitioner alleged the BOP is holding him past his release date based on his earned Time Credits. He also seeks appointment of counsel because the complex legal issues presented are beyond his ability to respond. Petitioner realleges that the BOP has not provided the information requested by the Court.

III. DISCUSSION

In response to the Court's Opinion and Order dated February 4, 2021, Respondent submitted the declaration of Christopher Palm with attached exhibits, which satisfied Respondent's obligation to provide the date when Petitioner was assessed with each category of "need" under the FSA, and Petitioner's start date and completion dates of all approved EBRR programs and PAs completed after December 21, 2018, for which he had a need under the FSA. Additionally, Respondent replied to the issues raised in Petitioner's subsequent letters to the Court.

The record supports the BOP's conclusion that Petitioner has completed only 72 hours of EBRR programs eligible for Time Credits as of March 17, 2021. Therefore, appointment of counsel under 18 U.S.C. § 3006A is not in the interest of justice and an evidentiary hearing is unnecessary. See Reese v. Fulcomer, 946 F.2d 247, 264 (3d Cir. 1991) ("[c]ourts have held … that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had

7

been narrowed") (citing Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir.1990), cert. denied, 499 U.S. 979, 111 (1991)).

First, Petitioner held a UNICOR job prior to July 2020, but his job assignment at that time was not based on a need for evidence-based recidivism risk reduction in the category of work. (Palm Decl., ¶13.) After he lost his UNICOR job in July 2020, Petitioner was assessed with a need for "work" pursuant to the FSA, but his new work assignment was not with UNICOR. (Id.) (Palm Decl., Ex. 7, Dkt. No. 9-5 at 75.) Therefore, Petitioner has not earned any FSA Time Credits for work.

Second, "Unit Management staff are currently responsible for assessing the substance abuse need at intake via the DRUG ED SENTRY assignment." (Palm Decl., Ex. 3, Dkt. No. 9-5 at 3.) Petitioner, however, was not assessed with a "need" for substance abuse programming upon intake in July 2019, as evidenced by the entry "Drug Ed None" on June 5, 2019, in his Inmate History. (2021 Supp. Palm Decl. ¶ 9; Dkt. No. 23-1; Ex. 4, Dkt. No. 23-2 at 8.) Petitioner took drug programs voluntarily; he was not assessed with a need for "substance abuse" programming pursuant to the FSA. (2021 Supp. Palm Decl. ¶ 9.)

Third, Petitioner did not have a "need" for education because he had a GED when he entered FCI Fort Dix in July 2019. (See Palm Decl. ¶3, Ex. 3 ("Education Data ("GED HAS") Dkt. No. 23-2 at 6.)

8

Education classes completed by Petitioner were voluntary and not eligible to earn Time Credits. (Id.)

Finally, Unit Management is responsible for assessing needs in substance abuse and family/parenting only. Hare, 2021 WL 391280, at *8. Therefore, even assuming Case Manager Wright encouraged Petitioner during Team meetings to take certain classes that were eligible to earn Time Credits, Petitioner could not earn Time credits in education, substance abuse or work or any other FSA category he had not been assessed with a need for programming under the FSA. Therefore, Petitioner has not earned sufficient Time Credits under the First Step Act to obtain immediate or speedier release to home confinement or supervised release.

IV.  CONCLUSION

Respondent has provided the information requested by the Court in the Opinion and Order dated February 4, 2021, and established that Petitioner was never assessed with needs in the categories of work, substance abuse, education, antisocial peers or cognition. Therefore, Petitioner's completion of EBRRs and PAs in these categories do not earn FSA Time Credits. Although Petitioner was assigned with needs in categories other than family/parenting, he has completed only the 72-hour Threshold Program. Completion of 240 hours of qualifying EBRRs and PAs are required to earn 10 Time Credits. Therefore, Petitioner is not

9

eligible for immediate or even speedier release from prison under the FSA, and the Court denies the habeas petition.

An appropriate Order follows.

Date: April 12, 2021            s/Renée Marie Bumb
                                **RENÉE MARIE BUMB**
                                **United States District Judge**